I must respectfully dissent. In his first assignment of error, defendant-appellant argues that the trial court failed to grant his timely motion for acquittal based on the evidence before the trial court as applied to R.C. 4511.34, under which he was charged. This section is set forth in the majority's opinion and need not be repeated herein. As so *Page 63 
often is the case, various statutes use the words "reasonable and prudent," leaving the interpretation to the courts based upon the facts of an individual case. It is the standard upon which the finding of guilty in the case sub judice is challenged by defendant-appellant. In my opinion, his contention has merit. From the record, the trial court had a great deal of doubt in arriving at his verdict. The trial court conceded that many questions are unanswered and indeed acknowledged a varying standard for vehicles following other vehicles in different traffic situations and acknowledged that vehicles can get very close to each other before one starts a passing maneuver, but then the court grounded its verdict on a distance arbitrarily set after the fact and upon an unspecified length of time.
This is a criminal case and, of course, requires proof beyond a reasonable doubt by the state in order to obtain a conviction. And what is that proof herein? From the record, the arresting officer testified that the "standard" he used to determine if the person cited was following the car ahead of him was one of a number of "standards." These "standards" are nebulous. Nowhere did the officer rely on a "standard" as set forth in a statute (there is none — except a personal opinion that the defendant-appellant was not operating in a reasonable and prudent manner for the conditions then and there existing). The incident occurred on the Ohio Turnpike, in a rural setting, on a bright sunshiny day, at 4:00 p.m., on a limited access road. The officer admitted, on cross-examination, that he did not have a "standard" that he knew of for distance between vehicles that were passing other vehicles, and that one of the "standards" he used was that of the National Highway Institute. Query: How many drivers are aware of that "standard"? Another "standard" utilized by the officer was that of visually observing shadows of the two cars — the lead car and defendant's.
I find the following argument in appellant's brief in Assignment of Error No. II to be most persuasive:
"Thus R.C. 4511.34 as written is impermissibly indefinite and incapable of uniform application. It is violative of both the Due Process Clause and the Equal Protection [Clause] of the United States Constitution. How can a law be upheld which enforced by a trooper who acknowledges that he uses `different standards,' and which the Court acknowledges cannot be enforced in urban areas such as Toledo and Cleveland. A law which is open to a `judgment call' to determine a violation cannot be said to be definite, clear or to fairly apprise a citizen of what is forbidden conduct."
Quoting further from appellant's brief, which coincides with the factual evidence in this case, which I also find most persuasive:
"The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires that the language of a criminal statute must be sufficiently definite `to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute.' United States v. Harriss
(1954), 347 U.S. 612; Papachristou v. City of Jacksonville
(1972), 405 U.S. 156."
I cannot imagine a statute which is more unclear upon its face as regards what is reasonable and prudent. There are no standards set forth, and the trial court's judgment in accepting the vague conclusions of the arresting officer, including the use of "shadows," was, in my judgment, clearly erroneous.
I would find Assignments of Error Nos. I, II and III well-taken. The trial court should be reversed and the defendant discharged. *Page 64